**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02132-CMA-CBS

UNITED FOOD AND COMMERCIAL WORKERS
INTERNATIONAL UNION, LOCAL 7,

      Plaintiff,

v.

KING SOOPERS, INC.,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING MOTION TO
ORDER ARBITRATION, AND
ADMINISTRATIVELY CLOSING THE CASE**

---

This matter is before the Court on Defendant's Motion to Dismiss for lack of

subject matter jurisdiction (Doc. # 15) and Plaintiff's Motion to Order Arbitration (Doc.

# 16).  Because this Court has jurisdiction over this matter pursuant to 29 U.S.C. § 185,

Defendant's Motion is denied.  However, because the parties' dispute in this case arises

under the collective-bargaining agreement ("CBA"), which requires that this dispute

regarding back pay be resolved by arbitration, the Court grants Plaintiff's motion.  The

Court further orders that this case is administratively closed.

## I.    <u>BACKGROUND</u>

Plaintiff is a labor union and Defendant is a grocery store chain.  Both parties are

signatories to a CBA that includes an arbitration clause.  (Doc. # 1, ¶ 5.)  On August 3,

2011, Carolyn Villegas—an employee of Defendant who was a member of Plaintiff labor union—was terminated for using profanity on the sales floor.  (Doc. # 15, 2.)  Plaintiff filed a grievance challenging Ms. Villegas' termination and arbitration was held on December 6, 2013.  (*Id.*)  On March 21, 2014, the arbitrator awarded Ms. Villegas "back pay, including applicable vacation wages, less Company-related unemployment compensation payouts and interim wages she may have earned since August 3, 2011."  (*Id.*)  The arbitrator retained jurisdiction until April 21, 2014.  (*Id.*)  On July 14, 2014, Plaintiff requested that the arbitrator hold a remedy hearing concerning Ms. Villegas' back pay.  (*Id.* at 3.)  On July 15, 2014, the arbitrator responded that he no longer had jurisdiction and, therefore, could not convene a remedy hearing without concurrence from the parties.  (*Id.* at 2.)  On July 21, 2014, Defendant consented to a remedy hearing if Plaintiff fully disclosed Ms. Villegas' interim earnings and her good faith efforts at mitigation.  (*Id.* at 3.)  Plaintiff instead sought relief from the Court.

On July 31, 2014, Plaintiff filed the present Complaint requesting that this Court enter an order enforcing the arbitrator's award.  (Doc. # 1.)  On March 2, 2015, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).  (Doc. # 15.)  On March 3, 2015, Plaintiff filed a Motion for Order to Arbitrate.  (Doc. # 16.)

## II.   STANDARD OF REVIEW

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction.  *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*,  23 F.3d 1576, 1580 (10th Cir. 1994)).  Pursuant to Federal

2

Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction.  The determination of a court's jurisdiction over subject matter is a question of law.  *Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

## III.   DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's back pay because back pay disputes are subject to the grievance and arbitration procedures set forth in the parties' CBA.  However, 29 U.S.C. § 185(c) states: "district courts shall be deemed to have jurisdiction of a labor organization [] in the district in which such organization maintains its principal office."  Plaintiff is a labor organization with its principal place of business in Colorado.  (Doc. # 1.)  Therefore, this Court has jurisdiction over this matter.

In this case, it is undisputed that the parties are bound by the CBA.  Article 43 of the CBA states: "Should any dispute or complaint arise over the interpretation or application of this Agreement," and "[i]f the grievance cannot be satisfactorily resolved . . . either party may . . . request arbitration and the other party shall be obligated to proceed with arbitration in the manner hereinafter provided."  (Doc. # 1-1, §§ 113, 116.)  In this matter, an unresolved dispute remains—the amount of back pay— that arises out of the CBA.  Because the CBA requires that disputes arising under the

CBA be arbitrated, it would be improper for the Court to resolve the back pay dispute. *See United Food & Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.*, 889 F.2d 940, 949 (10th Cir. 1989); *United Food & Commercial Workers Int'l Union, Local No. 7 v. Safeway, Inc.*, No. 13-CV-1854-WJM-KLM, 2014 WL 901759, at *1 (D. Colo. Mar. 7, 2014); *United Food & Commercial Workers Int'l Union, Local No. 7 v. King Soopers, Inc.*, No. 08-cv-00683-LTB, 2008 WL 5044355, at *1 (D. Colo. Nov. 20, 2008).

Although Defendant argues that dismissal is appropriate in this instance, "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *United Food & Commercial Workers Int'l Union, Local No. 7*, 2008 WL 5044355, at *2 (quoting *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008)); se*e also Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538–39 (10th Cir. 1987) ("The Federal Arbitration Act does not oust the district court's jurisdiction over claims subject to arbitration.").

## IV.   CONCLUSION

Accordingly, the Court ORDERS that Defendant's Motion to Dismiss (Doc. # 15) is DENIED.  It is

FURTHER ORDERED that Plaintiff's Motion to Order Arbitration (Doc. # 16) is GRANTED, and the parties are hereby ORDERED to promptly arbitrate the dispute between the parties about how much Ms. Villegas is owed in back pay.  It is

FURTHER ORDERED that the Clerk of the Court shall ADMINISTRATIVELY CLOSE this action pursuant to D.C.COLO.LCivR 41.2.  It is

FURTHER ORDERED that within 14 days of the conclusion of the arbitration, the parties shall file a joint status report to inform the Court of the outcome and how they wish to proceed in this case.

DATED:  March ____6____, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge